**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Lisa Williams a/k/a Lisa Guyton, individually and on behalf of all others similarly situated; | CIVIL ACTION NO. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| | DEMAND FOR JURY TRIAL |
| | 18·CV-2140 |
| -v.- | |
| FBCS, Inc., | |
| Midland Funding, LLC, | |
| John Does 1-25 | |
| Defendant(s). | |

Plaintiff Lisa Williams a/k/a Lisa Guyton (hereinafter, "Plaintiff" or "Williams") brings this Class Action Complaint by and through her attorneys, Garibian Law Offices, P.C., against Defendants FBCS, Inc. (hereinafter "Defendant FBCS") and Midland Funding, LLC (hereinafter "Defendant Midland"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

1

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of consumers under §1692 et seq. of Title 15 of the United States Code, the FDCPA, and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Georgia, County of Thomas, residing at 403 Victoria Place, Thomasville, GA 31792.

8.     Defendant FBCS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 330 S. Warminster Rd, Ste 353, Hatboro, PA 19040.

9.     Upon information and belief, Defendant FBCS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.    Defendant Midland is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

11.    Upon information and belief, Defendant Midland is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.    John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

### CLASS ALLEGATIONS

13.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.    The Class consists of:

    a.  all individuals;

    b.  to whom Defendant FBCS sent a collection letter attempting to collect a consumer debt;

    c.  on behalf of Defendant Midland Funding LLC;

    d.  that failed to disclose that if a payment is made it would restart the statute of limitations;

    e.  and failed to state that no entity at all could sue the consumer because the statute of limitations to file a lawsuit to collect the debt had lapsed;

    f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16.    Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

18.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

19.     This action has been brought, and may properly be maintained, as a class action
pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a
well-defined community interest in the litigation:

      a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges,
         that the Plaintiff Class defined above is so numerous that joinder of all members
         would be impractical.

      b. **Common Questions Predominate:** Common questions of law and fact exist as
         to all members of the Plaintiff Class and those questions predominate over any
         questions or issues involving only individual class members. The principal issue
         is whether the Defendants' written communications to consumers, in the forms
         attached as Exhibit A violate 15 USC §1692e, 1692f and 1692g.

      c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members.
         The Plaintiff and all members of the Plaintiff Class have claims arising out of the
         Defendants' common uniform course of conduct complained of herein.

      d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the
         class members insofar as Plaintiff has no interests that are adverse to the absent
         class members. The Plaintiff is committed to vigorously litigating this matter.
         Plaintiff has also retained counsel experienced in handling consumer lawsuits,
         complex legal issues, and class actions. Neither the Plaintiff nor her counsel have
         any interests which might cause them not to vigorously pursue the instant class
         action lawsuit.

      e. **Superiority:** A class action is superior to the other available means for the fair
         and efficient adjudication of this controversy because individual joinder of all

5

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23.    Some time prior to June 8, 2017, an obligation was allegedly incurred to GE Money Bank by the Plaintiff.

24.    The GE Money Bank obligation arose out of a transactions involving money, property, insurance or services. Specifically Plaintiff used funds from GE Money Bank at Wal-Mart primarily for personal, family or household purposes.

25.    The alleged GE Money Bank obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

26.    GE Money Bank is a "creditor" as defined by 15 U.S.C. §1692a(4).

6

27.    Defendant Midland, is a debt collector and a subsequent owner of the GE Money Bank / Wal-Mart obligation,

28.    Defendant Midland contracted Defendant FBCS to collect the alleged debt.

29.    Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *The June 8, 2017 Collection Letter*

30.    On or about June 8, 2017, Defendant FBCS sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt currently owed to Defendant Midland. **See Exhibit A**.

### ***Violation I***

31.    The June 8, 2017 states "Due to the age of this debt, our client will not sue you for it."

32.    This language is misleading as it fails to state that no one, including Defendant FBCS, can sue Plaintiff to collect this debt as the statute of limitations on its collection has lapsed.

33.    This language implies that a subsequent owner may sue the Plaintiff for this debt.

34.    This is a material omission that threatens the consumer's rights and attempts to coerce payment from the consumer.

35.    As a result of Defendants' deceptive misleading and false debt collection practices, Plaintiff has been damaged.

7

### *Violation II*

36.     Further the letter fails to clearly and adequately inform the consumer as to the true legal status of the debt and potential ramifications of making a payment and restarting the statute of limitations.

37.     Defendants fail to advise Plaintiff that by making a payment on the debt, she would restart the statute of limitations, thereby, allowing her to be sued on the debt once again.

38.     Plaintiff sustained an informational injury in that she was not fully advised of the ramifications of making payment on this debt.

39.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

40.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

42.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43.     Defendants violated said section §1692e;

a.      by omitting material information creating a false and misleading representation of the status of the debt in violation of §1692e(10);

b.      by falsely representing the character, amount of legal status of the debt in violation of §1692e(2)(A);

8

c.    my making the threat to take any action that cannot legally be taken or that is not intended to be taken in violation of §1692e(5).

44.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

**COUNT II**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f**
***et seq.***

45.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

47.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

48.    Defendants violated this section by omitting material information that gave Plaintiff a false understanding of the rights provided her under the FDCPA.

49.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

50.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

52.     Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1.  The amount of the debt;

2.  The name of the creditor to whom the debt is owed;

3.  A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4.  A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

53.     The Defendants violated 15 U.S.C. §1692g, by omitting material information in the letter regarding the potential for a lawsuit, as well as the ramifications of payment, which in turn overshadowed the "g-notice" language.

54.     By reason thereof, Defendants is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

55.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lisa Williams aka Lisa Guyton, individually and on behalf of all others similarly situated, demands judgment from Defendants FBCS, Inc. and Defendant Midland Funding, LLC as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

11

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem

just and proper.

Dated:  May 14, 2018                     Respectfully Submitted,

                                         **GARIBIAN LAW OFFICES, P.C.**

                                         Antranig Garibian, Esq.
                                         PA Bar No. 94538
                                         1800 JFK Blvd., Suite 300
                                         Philadelphia, PA 19103
                                         Phone: (215) 326-9179
                                         ag@garibianlaw.com
                                         *Attorneys For Plaintiff Lisa Williams*

# EXHIBIT A

*FROM:*
P.O. Box 1116                    8
Charlotte, NC 28201-1116

**PERSONAL & CONFIDENTIAL**

FBCS Inc
330 S. WARMINSTER RD. SUITE 353
HATBORO, PA 19040
1-866-594-8639



June 8, 2017


Lisa Guyton

Interested in saving $793.13, read on ...

Our client, MIDLAND CREDIT MANAGEMENT, INC., has authorized us to accept a 70% discount off your $1,133.04 outstanding balance to settle the account in full.  The complete details of your account are:

| | |
|---|---|
| Owner < | MIDLAND FUNDING LLC |
| Current Creditor < | MIDLAND CREDIT MANAGEMENT, INC. |
| Original Creditor < | GE MONEY BANK/WAL-MART |
| Original Account # < | xxxxxxxxxxxx6531 |
| Account # < | 3277 |
| Outstanding Balance < | $1,133.04 |
| File # < | 202957972 |
| Date Last Paid : < | 02/01/2009 |

We can accept this reduced amount under your preferred option:
1. Pay the full amount of $339.91 to us in one payment due 07/12/2017.
2. Pay $67.98 as a down-payment by 07/12/2017 and the remaining balance of $271.93 30 days after your 1st payment is received.
3. You may have an opportunity to split your settlement into 6 payments of $56.65 each. Call our office for details.
4. Contact one of our agents, who have been specially trained to listen to your circumstances and guide you through the process, there may be other payment options available based on your specific situation.  Call us, toll free, at 1-866-594-8639.  Agents trained to handle your specific account are available.

Or visit our website at www.fbcs-inc.com for 24 hour payment options.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

These settlement opportunities do not alter or amend your validation rights as described. We are not obligated to renew this offer.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, our client will not sue you for it or report payment or non-payment of it to a credit bureau.